IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 98-347-1 |
| | : | |
| v. | : | CIVIL ACTION No. 16-1698 |
| | : | |
| ALAN FRAZIER | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                **July 8, 2024**

Alan Frazier has filed a motion under 28 U.S.C. § 2255 seeking relief from his conviction and sentence under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence. Frazier also challenges the enhanced sentence he received as a career offender under the United States Sentencing Guidelines. As to the first issue, the validity of Frazier's § 924(c) conviction turns on whether the predicate offense for that conviction—a violation of 18 U.S.C. § 2114(a)—qualifies as a crime of violence after *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 588 U.S. 445 (2019). Because it is clear from the record that Frazier's § 924(c) conviction was predicated on an aggravated violation of § 2114(a), and because the aggravated offense is categorically a crime of violence under § 924(c)'s "elements clause," Frazier's motion will be denied as to this claim. As to the second issue, it appears Frazier's challenge to his career offender enhancement under the mandatory Sentencing Guidelines is untimely under *United Sates v. Green*, 898 F.3d 315 (2018). Because the timeliness issue is not addressed in the existing briefing, the Court will invite further submissions on this issue.

**BACKGROUND**

In July 1998, Frazier was charged in a two-count indictment with violations of 18 U.S.C. §§ 2114 and 924(c). Count One of the indictment charged that on June 19, 1998, at the Nicetown Post Office in Philadelphia, Frazier "robbed United States Postal Service employees having lawful

charge, control, and custody of money of the United States and in effecting such robbery, . . . put the lives of United States Postal Service employees in jeopardy by the use of a dangerous weapon," in violation of 18 U.S.C. § 2114. Indictment 1. Count Two charged that Frazier "did knowingly use and carry a firearm during and in relation to a crime of violence, that is the robbery . . . charged in Count One." *Id.* at 2.

A jury convicted Frazier of both offenses in October 1998. At sentencing, Frazier was designated as a career offender, resulting in an enhanced sentencing range under the then-mandatory Sentencing Guidelines. *See* U.S.S.G. § 4B1.1; *see also Beckles v. United States*, 580 U.S. 256, 265 (2017) (noting the Guidelines were "binding on district courts" until the Supreme Court "rendered them 'effectively advisory'" in *United States v. Booker*, 543 U.S. 220, 245 (2005)). In February 1999, the Honorable Eduardo C. Robreno, to whom the case was then assigned, sentenced Frazier to a total of 322 months of imprisonment, consisting of 262 months on the § 2114 count and a consecutive term of 60 months on the § 924(c) count. The judgment was affirmed on appeal in February 2000.

In April 2016, Frazier, represented by the Federal Community Defender Office for the Eastern District of Pennsylvania, filed the instant § 2255 motion based on the Supreme Court's then-recent decision in *Johnson v. United States*. In *Johnson*, the Supreme Court invalidated the so-called "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that imposing an increased sentence under the clause violated due process. *See Johnson*, 576 U.S. at 597, 606. Frazier argues the *Johnson* decision applies equally to the similarly worded residual clause in the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B). He further argues that, absent the residual clause, the predicate offense for his § 924(c) conviction—the violation of § 2114(a) charged in Count One

of the indictment—no longer qualifies as a crime of violence under the statute. Frazier raises a similar challenge to his career offender enhancement. He maintains *Johnson* also invalidated the nearly identically worded residual clause in the definition of a "crime of violence" in the career offender guideline, and his career offender enhancement violates due process because the convictions used to support the enhancement (including the § 2114(a) conviction) do not qualify as crimes of violence.

Frazier's motion was initially stayed pending the Supreme Court's decision in *Welch v. United States*, in which the Court considered whether *Johnson* would apply retroactively to cases on collateral review. Order, Apr. 8, 2016, ECF No. 96. The motion was later stayed pursuant to a court-wide Administrative Order, while relevant issues were litigated in higher courts. *See* Administrative Order, May 16, 2016, ECF No. 97. On October 22, 2021, the Government filed an opposition to the motion. The case was subsequently reassigned to the undersigned on August 8, 2023.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside, or correct the sentence on the ground it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A district court must hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). Although the threshold for obtaining an evidentiary hearing is "reasonably low," a hearing is unnecessary in this case as Frazier has not alleged "facts warranting

3

relief under § 2255 that are not clearly resolved by the record." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (citation omitted).

Frazier first argues his § 924(c) conviction and sentence violate due process of law under *Johnson*. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 588 U.S. at 449 (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

While Frazier's § 2255 motion was pending, the Supreme Court held subsection (B) of this definition—§ 924(c)'s residual clause—was unconstitutionally vague.[1] *Davis*, 588 U.S. at 470. The validity of Frazier's § 924(c) conviction thus turns on whether the predicate offense for the conviction qualifies as a crime of violence under subsection (A), the statute's "elements clause." *See United States v. Stoney*, 62 F.4th 108, 111 n.2 (3d Cir. 2023) (recognizing that, after *Davis*, "only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

---

[1] In so holding, the Court relied on *Johnson* as well as its intervening decision in *Sessions v. Dimaya*, 584 U.S. 148, 161-62 (2018), which invalidated a similarly worded residual clause in the definition of a "crime of violence" in 18 U.S.C. § 16 as unconstitutionally vague.

4

"To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause, . . . [courts] must apply a 'categorical approach.'" *United States v. Taylor*, 596 U.S. 845, 850 (2022). Under this approach, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.*

In some cases, the relevant criminal statute may "list elements in the alternative, and thereby define multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). When confronted with a statute that is divisible in this manner, a court may consult a "limited class of documents," such as the indictment and jury instructions, "to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505-06. The court must then determine whether that offense categorically "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The statute in question here, 18 U.S.C. § 2114(a), provides:

> (a) Assault.—
> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

The Government argues, and Frazier has not disputed,[2] that this provision is, at a minimum, divisible into a basic and an aggravated offense. *See* Gov't's Resp. 3-4, ECF No. 99. The Supreme

---

[2] Frazier neither filed nor sought leave to file a reply to the Government's response to his § 2255 motion.

5

Court has observed that "[i]f statutory alternatives carry different punishments, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000),] they must be elements" of different crimes (as opposed to alternative means of committing a single element of the same crime). *Mathis*, 579 U.S. at 518.  Section 2114(a) provides for enhanced penalties "if in effecting or attempting to effect such robbery [the defendant] wounds the person . . . or puts his life in jeopardy by the use of a dangerous weapon."  Hence, the Court agrees the statute is divisible.[3]

To determine which § 2114(a) offense was the basis of Frazier's conviction, the Court turns to the indictment, jury instructions, and verdict form, all which may be considered under the modified categorical approach described above.  *Johnson v. United States*, 559 U.S. 133, 144 (2010).  These documents make clear that Frazier was convicted of the aggravated offense.

The indictment, as noted, charged Frazier with robbing postal employees and alleged that "in effecting such robbery, [he] put the lives of United States Postal Service employees in jeopardy by the use of a dangerous weapon."  Indictment 1.  In instructing the jury, the Court explained that to convict Frazier of Count One, the jury must find the Government proved three elements beyond a reasonable doubt:

---

[3] Some courts have held the aggravated offense is itself divisible based on the particular "aggravated way[]" the basic offense was committed—i.e., "(1) wounding the person with custody or control of the mail matter or other government property; (2) placing the person's 'life in jeopardy by the use of a dangerous weapon'; or (3) committing a subsequent offense under § 2114(a)."  *United States v. Buck*, 23 F.4th 919, 925-26 (9th Cir. 2022) (quoting 18 U.S.C. § 2114(a)); *see also, e.g.*, *United States v. King*, No. 91-cr-1219, 2022 WL 1488654, at *3 (E.D.N.Y. May 11, 2022).  This position is also supported by a "peek at the [record] documents" in this case, *Mathis*, 579 U.S. at 518 (alteration in original) (citation omitted), all of which treat only putting the life of a postal employee in jeopardy by use of a dangerous weapon (and not wounding a postal employee) as a separate element of Frazier's § 2114(a) offense, as discussed *infra*.  Nevertheless, because the Court concludes the aggravated § 2114(a) offense is a crime of violence regardless of whether it is committed by wounding or by use of a dangerous weapon, the Court need not decide this issue.

>First, the defendant took money of the United States from the person or presence of another having lawful charge, control or custody of the money.
>Two, the defendant took such money of the United States by means of force and violence, or by means of intimidation.
>And, three, in committing such a robbery, the defendant put [Victim 1], [Victim 2], [Victim 3] or [Victim 4]'s life in jeopardy by use of a dangerous weapon.

Tr. 90, Sept. 28, 1998. Finally, the verdict form reflects the jury's determination that Frazier was guilty as to Count One, describing the offense as "robbery of money of the United States from United States Postal Service employees having lawful charge, control and custody of money of the United States and putting the lives of United States Postal Service employees in jeopardy by the use of a dangerous weapon on or about June 19, 1998 in violation of Title 18, United States Code, Section 2114." Verdict Sheet. On this record, there is no question that Frazier was convicted of an aggravated § 2114(a) offense.

The Court next considers whether this aggravated offense has as an element the use, attempted use, or threatened use of physical force against the person of another. Physical force in this context "means *violent* force—that is force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140.[4]

Without distinguishing between the basic and aggravated § 2114(a) offenses, Frazier argues his "instant crime of assault with intent to steal property" under § 2114(a) "does not categorically require the use of violent force." Mot. to Correct Sentence 6, ECF No. 95. But this argument pertains only to the assault and robbery components of the basic § 2114(a) offense. Frazier notes, for example, that robbery may be committed by pushing the victim, *id.* (citing *United States v. Depass*, 510 F. App'x 119, 121 (3d Cir. 2013)), and "assault may be committed by

---

[4] Although *Johnson* addressed the meaning of "physical force" in the Armed Career Criminal Act's residual clause, 559 U.S. at 138, the same definition applies under § 924(c)(3)(A), *see, e.g.*, *United States v. Monroe*, 837 F. App'x 898, 900 (3d Cir. 2021)

7

altogether non-forcible means, such as poisoning or laying a trap for the victim," *id*. Because it is clear Frazier was convicted of an aggravated violation of § 2114(a), however, this argument is inapposite. The question, as noted, is whether the aggravated offense categorically requires violent force. It does.

To obtain a conviction for an aggravated § 2114(a) offense, the Government must show that in assaulting with intent to rob, robbing, or attempting to rob a postal employee, the defendant either "wound[ed] the person" or "put[] his life in jeopardy by the use of a dangerous weapon." 18 U.S.C. § 2114(a). Interpreting the adjacent federal bank robbery statute, 18 U.S.C. § 2113, the Third Circuit has previously held the second alternative—putting a person's life in jeopardy by the use of a dangerous weapon—satisfies § 924(c)'s elements clause. *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018) ("One cannot . . . jeopardize [a person's] life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force."). Numerous other circuits have reached the same conclusion as to § 2114(a) specifically, holding "[t]he offense's requirement that the defendant use a dangerous weapon to put the victim's life in jeopardy ensures that at least the threat of physical force is present." *Knight v. United States*, 936 F.3d 495, 500 (6th Cir. 2019); *accord Buck*, 23 F.4th at 927-28; *United States v. Bryant*, 949 F.3d 168, 180-81 (4th Cir. 2020); *United States v. Enoch*, 865 F.3d 575, 580-81 (7th Cir. 2020); *In re Watt*, 829 F.3d 1287, 1290 (11th Cir. 2016).

Those circuits that have considered the issue have also concluded the first alternative method of committing the aggravated § 2114(a) offense—wounding the victim—"necessarily requires the use, attempted use, or threatened use of physical force." *Knight*, 936 F.3d at 499; *see also Enoch*, 865 F.3d at 581 (holding "[t]here can be no doubt that wounding a victim . . . is a

8

violent crime," as "force capable of wounding another person . . . is a force that is capable of causing injury to another person and therefore qualifies as a crime of violence").

The Court agrees. Although the statute does not define the term "wound," dictionary definitions support this position. For example, the Oxford English Dictionary defines wound as "[t]o inflict a wound on (a person, the body, etc.) by means of a weapon; to injure intentionally in such a way as to cut or tear the flesh." *Wound*, *Oxford English Dictionary*, https://www.oed.com/dictionary/wound_v?tab=meaning_and_use#13915407. Similarly, the Merriam-Webster Unabridged Dictionary defines wound, in its verb form, as "to inflict a wound upon" or "to make a tear, breach, or opening in (something) in the manner of a wound," while defining a wound as "an injury to the body consisting of a laceration or breaking of the skin or mucous membrane usually by a hard or sharp instrument forcefully driven or applied." *Wound*, Merriam-Webster Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/wound. It is difficult to imagine how, in the course of assaulting, robbing, or attempting to rob a postal worker, one could inflict this type of injury on the victim without using or attempting to use force capable of causing physical pain or injury.[5] *Cf. United States v. Chapman*, 866 F.3d 129, 136 (3d Cir. 2017) (noting "a threat to harm or to wound the body of another is not akin to a threat to touch offensively" but to use physical force). Notably, Frazier does not suggest the aggravated § 2114(a) offense can be committed without physical force. The Court therefore concludes an aggravated violation of § 2114(a) categorically requires

---

[5] The Third Circuit has held that certain crimes requiring the offender to cause or attempt to cause bodily injury do not necessarily require the use, attempted use, or threatened use of physical force because the requisite bodily injury may be caused by a failure to act—for example, starving a child to death. *See, e.g.*, *United States v. Harris*, 68 F.4th 140, 146-48 (3d Cir. 2023). Wounding, in contrast, requires a particular type of injury that requires physical force.

9

the use, attempted use, or threatened use of physical force against the person or property of another, and thus qualifies as a crime of violence under § 924(c)'s elements clause, regardless of whether the offense is committed by wounding the victim or by placing the victim's life in jeopardy by the use of a dangerous weapon. *See Bryant*, 949 F.3d at 182; *Knight*, 936 F.3d at 499; *Enoch*, 865 F.3d at 581; *United States v. Thomas*, No. 14-96, 2023 WL 5635553, at *3 (E.D. Pa. Aug. 31, 2023) (aggravated offense of attempted postal robbery is a crime of violence under § 924(c)(3)(A)).[6]

Because Frazier's § 924(c) conviction is based on a valid predicate, his challenge to this conviction must be denied.

As to Frazier's challenge to his career offender enhancement, the Government maintains this challenge is foreclosed by *Beckles v. United States*, in which the Supreme Court held "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 580 U.S. at 259. The holding in *Beckles*, however, was limited to the advisory Sentencing Guidelines. *See id.* at 281 n.4 (Sotomayor, J., concurring) (noting the decision "leaves open the question whether defendants sentenced to terms of imprisonment before [the Supreme Court's] decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences"); *United States v.*

---

[6] The Government argues the result in this case is not affected by *Borden v. United States*, 593 U.S. 420, 445 (2021), decided while this case was pending, in which the Supreme Court held "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under [the Armed Career Criminal Act]." The Court agrees. Although the Third Circuit has not had occasion to address the issue, the Ninth Circuit has held "§ 2114(a) requires intentional wrongdoing." *Buck*, 24 F.4th at 929. And the jury instructions in this case required as much. Tr. 91-92, Sept. 28, 1998 (instructing the jury that the phrase "'puts in jeopardy the life of any person' . . . means to knowingly do an act which exposes a person to a risk of death" and the term 'puts in jeopardy the life of any person by the use of a dangerous weapon or device' . . . means to expose a person to a risk of death or severe bodily harm by use of a weapon or device that is capable [of] inflicting death or severe bodily harm").

*Green*, 898 F.3d 315, 320 (3d Cir. 2018). Here, as noted, Frazier was sentenced in 1999, when the Guidelines were still mandatory. As such, the Government's argument is unavailing.

Nevertheless, it appears Frazier's challenge to his career offender enhancement is subject to dismissal as untimely based on *United States v. Green*, *supra*. In his motion to correct sentence, Frazier asserts the filing is timely under 28 U.S.C. § 2255(f)(3), which provides that the one-year limitations period to file a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Green*, however, the Third Circuit held a movant challenging the mandatory Guidelines' residual clause on vagueness grounds "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." 898 F.3d at 321. As the Third Circuit explained, § 2255(f)(3) is inapplicable in these circumstances because *Johnson* "did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines." *Id.* Rather, the decision in *Beckles* "cabined the reach of *Johnson*," making clear that *Johnson* "created a right only as to the [Armed Career Criminal Act]," but "sa[id] nothing about a parallel right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory." *Id.* Because § 2255(f)(3) does not apply, Frazier's challenge to his career offender enhancement, brought well over a decade after "the date on which [Frazier's] judgment of conviction bec[a]me[] final," 28 U.S.C. § 2255(f)(1), appears to be untimely. Pursuant to *United States v. Bendolph*, the Court may raise timeliness sua sponte but must give the parties notice and an opportunity to respond. 409 F.3d 155, 169 (3d Cir. 2005) (en banc). The Court will therefore invite further briefing on this issue.

For the reasons set forth above, Frazier's motion to correct sentence will be denied as to his challenge to his conviction and sentence under § 924(c). The parties will be directed to submit

supplemental briefing addressing whether Frazier's due process challenge to his career offender enhancement is time-barred.  An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.